# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| JAMES CROMITIE, | No. 4:20-CV-00991 |
| Petitioner, | (Judge Brann) |
| v. | |
| WARDEN CATRICIA HOWARD, | |
| Respondent. | |

## MEMORANDUM OPINION

### AUGUST 14, 2020

## I. PROCEDURAL BACKGROUND

On June 19, 2020, Petitioner, James Cromitie, an inmate presently confined at the Allenwood Federal Correctional Institution, White Deer, Pennsylvania, initiated the above captioned petition for writ of habeas corpus, pursuant to 28 U.S.C. § 2241.[1] Cromitie challenges his underlying conviction imposed by the United States District Court for the Southern District of New York.[2] For relief, Petitioner seeks immediate release.[3]

---

[1] Doc. 1.
[2] *Id.*
[3] *Id.*

Following an order to show cause,[4] Respondent filed a response on July 16, 2020.[5] Petitioner's traverse was filed on August 10, 2020.[6] For the reasons that follow, the Court will dismiss the petition for lack of subject matter jurisdiction.

## II. FACTUAL BACKGROUND

On June 29, 2011, following a jury trial, Cromitie was found guilty of the following charges: count 1 (conspiracy to use weapons of mass destruction), counts 2-4 (attempt to use weapons of mass destruction), count 5(conspiracy to acquire and use anti-anticraft missiles); count 6 (attempt to acquire and use anti-aircraft missiles), count 7 (conspiracy to kill officers and employees of the United States) and count 8 (attempt to kill officers and employees of the United States.[7] On that same date, Cromitie was sentenced to twenty-five (25) years imprisonment on each of the eight counts with the sentences on all counts running concurrent, five (5) years of supervised release, and a criminal monetary penalty assessment of $800.00.[8]

---

[4] Doc. 3.
[5] Doc. 5.
[6] Doc. 7.
[7] Doc. 5-2 at 3, Criminal Docket in Case No.09-CR-558, *United States v. Cromitie*, (S.D. N.Y.); Doc. 5-3, Judgment in Case No.09-CR-558.
[8] *Id.*

On July 11, 2011, Cromitie appealed his judgment and sentence.[9] On August 22, 2013, the United States Court of Appeals for the Second Circuit, affirmed Cromitie's conviction and sentence.[10]

On October 8, 2015, Cromitie filed a motion pursuant to 28 U.S.C. § 2255, to vacate or set aside his criminal judgment, claiming ineffective assistance of counsel.[11] The Southern District of New York denied the motion on April 7, 2017.[12]

On June 19, 2020, Cromitie filed the instant petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241, claiming that the United States did not have the required authority to enter his residential state "under force of arms" to enforce federal criminal statutes, or to detain and convict him.[13] He further argues that the indictment was not legally drawn or presented, the conviction was not based upon the supreme law of the land, and that he was not tried "under any semblance of due process."[14]

## III.  DISCUSSION

When challenging the validity of a federal sentence and not its execution, a federal prisoner is generally limited to seeking relief by way of a motion pursuant

---

[9] Doc. 5-4, Notice of Appeal.
[10] *See United States v. Cromitie*, 727 F.3d 194 (2dCir. 2013).
[11] Doc. 5-4, Notice of Motion for Modification, Vacature or to Set Aside Criminal Judgment.
[12] Doc. 5-5, Decision and Order.
[13] Doc. 1 at 9.
[14] *Id.*

to 28 U.S.C. § 2255.[15] A federal prisoner must file a § 2255 motion in the sentencing court, "a court already familiar with the facts of the case."[16] A challenge can only be brought under § 2241 if "it ... appears that the remedy by [a § 2255] motion is inadequate or ineffective to test the legality of his detention."[17] This language in § 2255, known as the safety-valve clause, must be strictly construed.[18] Significantly, "[i]t is the inefficacy of the remedy, not the personal inability to use it, that is determinative."[19] "Section 2255 is not inadequate or ineffective merely because the sentencing court does not grant relief, the one-year statute of limitations has expired, or the petitioner is unable to meet the stringent gatekeeping requirements of the amended § 2255."[20]

The United States Court of Appeals for the Third Circuit provides the following guidance:

> Our Circuit permits access to § 2241 when two conditions are satisfied: First, a prisoner must assert a "claim of 'actual innocence' on the theory that 'he is being detained for conduct that has subsequently been

---

[15] *In re Dorsainvil*, 119 F.3d 245, 249 (3d Cir. 1997); *Russell v. Martinez*, 325 F. App'x. 45, 47 (3d Cir. 2009)("a section 2255 motion filed in the sentencing court is the presumptive means for a federal prisoner to challenge the validity of a conviction or sentence").

[16] *See Boumediene v. Bush*, 553 U.S. 723, 774-75 (2008); *Russell v. Martinez*, 325 F. App'x 45, 47 (3d Cir. 2009) (noting that "a section 2255 motion filed in the sentencing court is the presumptive means for a federal prisoner to challenge the validity of a conviction or sentence")

[17] 28 U.S.C. § 2255(e).

[18] *Dorsainvil*, 119 F.3d at 251; *Russell*, 325 F. App'x. at 47 (stating the safety valve "is extremely narrow and has been held to apply in unusual situations, such as those in which a prisoner has had no prior opportunity to challenge his conviction for a crime later deemed to be non-criminal by an intervening change in the law").

[19] *Cradle v. United States*, 290 F.3d 536, 538 (3d Cir. 2002).

[20] *Id*. at 539.

rendered non-criminal by an intervening Supreme Court decision and our own precedent construing an intervening Supreme Court decision"—in other words, when there is a change in statutory caselaw that applies retroactively in cases on collateral review. *Tyler*, 732 F.3d at 246 (quoting *Dorsainvil*, 119 F.3d at 252). And second, the prisoner must be "otherwise barred from challenging the legality of the conviction under § 2255." *Id.* Stated differently, the prisoner has "had no earlier opportunity to challenge his conviction for a crime that an intervening change in substantive law may negate." *Dorsainvil*, 119 F.3d at 251. It matters not whether the prisoner's claim was viable under circuit precedent as it existed at the time of his direct appeal and initial § 2255 motion. What matters is that the prisoner has had no earlier opportunity to test the legality of his detention since the intervening Supreme Court decision issued."[21]

Here, Cromitie has not alleged actual innocence based on a change in statutory interpretation by the Supreme Court, made retroactive in cases on collateral review. Nor is his claim premised on any intervening change in substantive law that would negate the criminal nature of his conduct so that his conviction is no longer valid.

Moreover, there is no indication that Petitioner has requested permission from the United States Court of Appeals for the Second Circuit to file a second or successive § 2255 motion; a remedy that remains available to him. However, even if Petitioner has done so, and has been so denied, the denial of a second or successive petition does not make § 2255 relief inadequate or ineffective.[22] "The

---

[21] *Bruce v. Warden Lewisburg USP*, 868 F.3d 170, 180 (3d Cir. 2017).
[22] *See Cradle v. United States ex rel. Miner*, 290 F.3d 536, 539 (3d Cir. 2002) (stating that a petitioner "cannot contend that § 2255 is inadequate or ineffective to protect him, even if he cannot prevail under it"); *Long v. Fairton*, 611 F. App'x 53, 55 ("Critically, § 2255 is not

remedy afforded under § 2241 is not an additional, alternative, or supplemental remedy to that prescribed under § 2255."[23]

Because Cromitie has failed to demonstrate that a § 2255 motion is inadequate or ineffective to test the legality of his detention, permitting him to proceed under § 2241, the Court will dismiss his petition for a writ of habeas corpus under 28 U.S.C. § 2241, for lack of jurisdiction.

## IV. CONCLUSION

Based on the foregoing, Cromitie's petition for writ of habeas corpus will be dismissed for lack of jurisdiction. Because Petitioner is not detained pursuant to a state court process, and the petition is not brought pursuant to § 2255, no action by this Court with respect to a certificate of appealability is necessary.

An appropriate Order follows.

BY THE COURT:

*s/ Matthew W. Brann*
Matthew W. Brann
United States District Judge

---

inadequate or ineffective merely because the petitioner cannot satisfy § 2255's timeliness or other gatekeeping requirements.").
[23] *Dusenbery v. Oddo*, No. 17-2402, 2018 WL 372164, at *4 (M.D. Pa. Jan. 11, 2018).